BLAKE HUGHES AND FRED CELESKA *v.* STATE*.

(*Nashville.* December Term, 1922.)

1. LARCENY. Indictment held to charge attempt.

An indictment under Shannon's Code, section 6537, for breaking and entering a house with intent to commit a felony, which alleged that accused "did unlawfully, feloniously, and burglariously break into and enter the storehouse of B. in the nighttime, with intent, unlawfully, feloniously, and burglariously to steal, take, and carry away the personal property therein contained, the proper goods and chattels of B., with the felonious intent to convert the same to their own use and to deprive the true owner thereof," was sufficient to charge an attempt to commit larceny, specifying the goods being unnecessary, where the conviction is only for an attempt to commit larceny. (*Post,* pp. 242-244.)

Case cited and distinguished: Womack v. State, 74 Tenn., 146.

Code cited and construed: Sec. 6537 (S.).

2. INDICTMENT AND INFORMATION. Conviction of attempt to commit larceny under indictment for burglary sustained.

Under Shannon's Code, section 7085, providing that, on an indictment for a public offense admitting of different degrees, the defendant may be convicted of such offense or any degree lower than that charged in form in such indictment, a conviction for an attempt to commit larceny founded on an indictment under section 6537, denouncing breaking or entering a house of another not a mansion house with intent to commit a felony, can be sustained, regardless of whether section 6540, passed in 1829, authorizing a conviction under an indictment founded on certain statutes for

---

*On acquittal or conviction upon a charge of burglary or feloniously entering with intent to steal goods of a certain person, as a bar to subsequent prosecution based on the same entry, but charging intent to steal the property of another person see note L. R. A., 1915C, 627.

On conviction or acquittal of larceny as bar to prosecution for burglary see note 19 A. L. R., 626.

147 Tenn.—16.

burglary, or any other felony included in the charge applies to section 6537, passed in 1871, or to a statute passed in 1829, relative to breaking into a mansion house by day or night. (*Post, pp.* 244, 245.)

Case cited and approved: Tucker v. State, 50 Tenn., 485.
Case cited and distinguished: Chapple v. State, 124 Tenn., 105.
Code cited and construed: Sec. 7085 (S.).

3. **BURGLARY.** Conviction for larceny under indictment for burglary sustainable without special legislative authority.

Under a nindictment for burglary, in conviction for larceny can be sustained, in the absence of special legislative authority. (*Post, pp.* 245, 246.)

Case cited and approved: **Commonwealth** v. Hope, 106 Tenn., 1.

Case cited and distinguished: Pardue v. State, 63 Tenn., 13.

FROM PUTNAM.

Error to the Criminal Court of Shelby County.—Hon. J. Ed Richards, Judge.

L. H. Graves, for plaintiffs in error.

Wm. H. Swiggart, Jr., Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

The plaintiffs in error were indicted under section 6537 of Shannon's Code, which is as follows:

"Whoever shall break and enter into the business house, outhouse, or any other house of another, other than a mansion house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three nor more than fifteen years."

Upon the conclusion of the introduction of the State's evidence a motion was made by counsel for the plaintiffs in error to discharge them upon the ground that the State had failed to prove the ownership of the building which it was alleged they broke into.

The court sustained the contention of the plaintiffs in error to the extent of holding that they could not be convicted of housebreaking, and he so instructed the jury, but he permitted the case to go the jury upon the question of an attempt to commit the offense of larceny.

The evidence shows, to our satisfaction, that the plaintiffs in error were attempting to break into a storehouse, for the purpose of committing larceny when they were apprehended.

It is insisted on behalf of plaintiffs in error that neither larceny nor an attempt to commit larceny is included within the indictment.

Omitting the formal parts, the indictment is as follows:

"Did unlawfully, feloniously and burglariously break into and enter the storehouse of M. Bernstein in the night-time with intent, unlawfully, feloniously and burglariously to steal, take and carry away the personal property therein contained, the proper goods and chattels of M. Bernstein, with the felonious intent to convert the same to their own use and to deprive the true owner thereof."

In *Womack* v. *State,* 6 Lea, 146, the charge in the indictment, omitting the formal parts, was as follows:

"Feloniously break open and enter into the business house of J. H. Towles & Bro., with the intent to feloniously take, steal and carry away the goods and chattels of the said J. H. Towles & Bro., then and there to be had and found in said business house."

The court said: "These words do describe the offense of larceny with every particularity, except in the usual specifi-

cation of the articles stolen. Such a specification is, of course, impossible where no larceny has been committed, and the intent is to be gathered from the act of breaking in and other circumstances. It cannot be known what articles would have been taken if the felonious intent had been carried out, and to require the indictment to specify all the goods and chattels in the house would be absurd. The description given is all that, in the nature of the case, was possible."

The act upon which the plaintiffs in error were indicted was passed in 1871, and it is insisted that section 6540, which was passed in 1829, does not relate to the staute under which the plaintiffs in error were indicted, but only to the statute passed in 1829, relative to breaking into a mansion house by day or by night.

Section 6540 is as follows: "Any person indicted for burglary may be convicted under either of the preceding sections of this article; and any person indicted under these sections, where another felony is included in the charge, may be convicted for such felony."

The deduction which counsel makes is that there is no provision authorizing a conviction for the lesser offense— that is, larceny—where the indictment is for burglarizing a business house, as set out in section 6537.

Conceding, for the sake of argument, this to be true, such conviction could be sustained under section 7085 of Shannon's Code, which is as follows:

"On an indictment for a public offense admitting of different degrees, the defendant may be convicted of such offense or any degree lower than that charged in form in such indictment."

It was under the statute just quoted that this court held a conviction for larceny good in an indictment charging robbery. *Tucker* v. *State,* 3 Heisk., 485.

In *Chapple* v. *State,* 124 Tenn., 105, 135 S. W., 321, the indictment, omitting the formal parts, was as follows:

"Unlawfully, feloniously, and burglariously broke and entered the millhouse of W. B. Long in the nighttime, with intent then and there to commit a felony, to-wit, a larceny; and then and there feloniously and unlawfully did steal, take, and carry away nine sacks of flour, worth $1 each, the personal property of the said W. B. Long, with intent to deprive him of the value of the same, as against the peace and dignity of the State."

While the form of the indictment was proper, it was held that the evidence was not sufficient to sustain a conviction for burglary, but that the plaintiff in error, under said indictment, could be convicted of larceny.

The only distinction between the indictment in that case and the one under consideration is that the goods in the former were specified, which, as previously stated, would be unnecessary where the conviction is only for an attempt to commit larceny.

By the weight of authority, under an indictment for burglary, a conviction for larceny can be sustained in the absence of special legislative authority. 9 Corpus Juris, 1056, note 13.

In *Pardue* v. *State,* 4 Baxt., 13, this court said: "In the case of *Commonwealth* v. *Hope,* 22 Pick., 1, Chief Justice Shaw delivering the opinion of the court, in a case charging breaking and entering a dwelling house, with intent to steal, and actually stealing therefrom, it is said, that 'although in a certain sense such an indictment charges two offenses, each of which might be the subject of a separate indictment, yet this has long been the established mode of proceeding in burglary, and it is 'believed that no instance can be found where there have been two punishments on such an indictment, and, therefore, such an

Hughes & Celeska v. State.

indictment is not subject to the charge of duplicity.' 'Upon a general conviction, the jury finding all the averments to be true, the charge of larceny is considered as embraced in the charge of burglary, and one punishment is imposed as upon one combined offense.' And upon such an indictment the 'accused may be convicted of the whole, or of the burglary, or the larceny.' "

Assignments raising other questions have been assigned by counsel for plaintiffs in error, but they have been sufficiently answered by the attorney-general in his brief, and are without merit.

We find no error in the judgment of the trial court, and it will be affirmed.