For the foregoing reasons, the judgment is affirmed.

*Judgment affirmed.*

SKEEL, P. J., HURD and KOVACHY, JJ., concur.

THE STATE OF OHIO, APPELLEE, *v.* POWELL, APPELLANT.*

---

*Appeal dismissed, 167 Ohio St., 319.

(No. 8306—Decided October 28, 1957.)

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. Melvin G. Rueger,* for appellee.

*Mr. George C. Allen* and *Mr. Harry A. Abrams,* for appellant.

Long, J.   This case is before this court on several alleged errors.   The only one of them which has given the court any concern is the claim of error arising from the admission of the confession.

It is evident from the record that the state offered the confession, to which defendant objected on the ground that it was not voluntary.   Thereupon, the court heard testimony, out of the hearing and presence of the jury, to determine that issue.   The sole testimony on the subject was that of the defendant, to the effect that his confession was involuntary.   Thereupon, the court admitted the confession, and, in the presence of the jury, the defendant reiterated his testimony with reference to the circumstances surrounding the making of his confession, and the state offered rebuttal testimony on the same subject.

It is claimed by the defendant that the sole evidence before the court on the preliminary examination touching the character of the confession, being that of defendant and being to the effect that it was involuntary, the trial court had no alternative except to exclude the confession, and the failure to do so constituted reversible error.   With this contention, this court cannot agree.

Our examination of the authorities, and particularly those in Ohio, indicates that the trial court, in such a situation, may exercise a sound discretion, even to the point of conducting the

preliminary examination in the hearing and presence of the jury. The trial court does not have to believe the defendant's testimony as to threats and promises of rewards which induce him to sign a confession, even though his is the sole evidence on the preliminary examination. It is discretionary with the trial court as to whether or not he wishes to have the jury, with proper instructions, pass upon whether the confession is voluntary.

As early as *Lefevre* v. *State* (1893), 50 Ohio St., 584, 35 N. E., 52, this rule was discussed with approval. In 23 Corpus Juris Secundum, 400, Section 1027, we find this language: "Whether or not the trial judge should conduct the preliminary inquiry to determine the admissibility of particular evidence in the presence of the jury is largely a matter within its discretion * * *." See, also, *State* v. *Dolbow*, 117 N. J. L., 560, 189 A., 915, 109 A. L. R., 1488; 15 Ohio Jurisprudence (2d), 584, Section 411.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.