Denver POWELL, Petitioner-Appellant,

v.

Beryle C. SACKS, Warden, Ohio State Penitentiary, Respondent-Appellee.

No. 14747.

United States Court of Appeals Sixth Circuit.

June 15, 1962.

William Allen Ogden (Court Appointed), Cincinnati, Ohio, for petitioner-appellant.

John J. Connors, Jr., Asst. Atty. Gen., Columbus, Ohio, Mark McElroy, Atty. Gen., Columbus, Ohio, on brief, for respondent-appellee.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, JR., Chief Judge.

The present appeal involves the following background of proceedings which it is necessary to have in mind in order to properly consider the unusual question now presented to us.

Petitioner was tried and convicted of murder in the state court of Ohio on March 22, 1957. His motion for a new trial was overruled and on April 2, 1957, he received a sentence of life imprisonment. The Court of Appeals of Ohio, 148 N.E.2d 230, affirmed the judgment of the trial court. The Supreme Court of Ohio denied his motion to certify the

record. On April 20, 1959, the Supreme Court of the United States denied his petition for writ of certiorari to the Supreme Court of Ohio without prejudice to an application for a writ of habeas corpus in the appropriate United States District Court. Powell v. Ohio, 359 U.S. 964, 79 S.Ct. 882, 3 L.Ed.2d 843.

On September 3, 1959, petitioner, proceeding in forma pauperis with leave of Court, filed an application for writ of habeas corpus in the United States District Court for the Southern District of Ohio, in which he contended that the judgment under which he was imprisoned in the Ohio State Penitentiary was null and void, in that in the state court trial petitioner was denied due process of law in violation of his constitutional rights. His application alleged that following his arrest he was held incommunicado for an excessive length of time without a warrant, that he was beaten, threatened with death, starved and interrogated excessively for approximately seventy-two hours by relay teams of police officers without being able to contact family or counsel, and that he was, through coercion, brutality and forceful means, through enticements and promises, forced into submitting a confession, which was improperly received in evidence at the trial.

Following a hearing on October 9, 1959, at which petitioner was present in person, the District Judge on March 9, 1960, ruled that the trial court properly submitted the question of the voluntariness of petitioner's confession to the jury, that the jury's resolution of conflicting testimony could not be reviewed by habeas corpus proceedings, that the Court, having carefully considered the files and records of the case and the transcript of petitioner's trial, found the undisputed facts were insufficient to establish that petitioner's confession was involuntary, that the petitioner had failed to sustain the pertinent allegations of his petition, and that there had been no violation of the federal constitutional guarantees. The petition was denied.

Petitioner did not file an appeal within the statutory period provided therefor, but on or about October 20, 1960, wrote to the Chief Judge of the Court of Appeals, alleging his ignorance of legal procedure and reliance upon the erroneous advice of a "jailhouse lawyer" as an excuse for his failure to file a timely appeal, and requesting that the letter be treated as an informal motion for leave to appeal. The letter was treated as an informal motion, which was denied by order of November 7, 1960. Powell v. State of Ohio, 284 F.2d 522, C.A.6.

On March 13, 1961, petitioner asked leave in the District Court to file in forma pauperis a motion to re-date and re-enter the order of the District Court of March 9, 1960, denying the application for the writ, in order to enable him to take a delayed appeal therefrom. The motion stated that on or about March 16, 1960, and within the time prescribed by law for the filing of a notice of appeal, petitioner wrote to the District Court requesting that his letter be treated as a motion to appeal, that said letter was handed to mail officials of the Ohio Penitentiary for mailing and that apparently such letter was mislaid or lost in the process of censorship or handling or that the Court failed to recognize such letter for its true significance in that he did not hear from the Court. He asked that he not be penalized or prohibited from taking an appeal, in that he had done everything he could possibly do in trying to take an appeal and that he was unable to control the institutional mail matters. The District Judge denied the motion to proceed in forma pauperis, from which ruling the petitioner sought an appeal. On May 17, 1961, this Court entered an order which stated that there was no federal procedure for such a delayed appeal and denied the motion for leave to appeal.

On or about June 5, 1961, petitioner tendered to the District Court a new petition for a writ of habeas corpus with application for leave to proceed in forma pauperis. In an order of August 1, 1961, the District Judge ruled that the legality

of petitioner's detention had been previously determined by him, that the petition presented no pertinent new ground not heretofore presented and determined, that the ends of justice would not be served by further inquiry into petitioner's detention, and denied the application to proceed in forma pauperis. On August 15, 1961, petitioner wrote from the Ohio State Penitentiary to the District Court, which letter was received on August 18, 1961, asking that his letter serve as a notice of appeal, application for leave to appeal in forma pauperis and for a certificate of probable cause. By order of August 30, 1961, the District Judge denied petitioner's application for leave to appeal in forma pauperis and his application for certificate of probable cause.

On or about September 5, 1961, the petitioner sent to the District Court a notice of appeal from the order of August 30, 1961, and on September 8, 1961, he filed in the Court of Appeals a motion to appeal in forma pauperis and an application for a certificate of probable cause. By order of September 27, 1961, the motion was granted, a certificate of probable cause issued, and provision made for appointment of counsel to represent the petitioner in prosecuting the appeal. The appeal has now been argued by court-appointed counsel for petitioner and by counsel for the state of Ohio.

■■ The present application for the writ is with few immaterial changes, a copy of the prior application, which was heard and denied by the District Judge. However, the doctrine of res judicata does not extend to a decision on habeas corpus refusing to discharge a prisoner. Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302. But a District Judge is not required to entertain an application for a writ of habeas corpus if it appears that the legality of applicant's detention has been determined by a judge or court of the United States on a prior application

and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry. Section 2244, Title 28 U.S.Code. It follows as a corollary that if the ends of justice will be served by such an inquiry, a reconsideration of the question should be undertaken. See: Price v. Johnston, 334 U.S. 266, 286, 68 S.Ct. 1049, 92 L.Ed. 1356; United States ex rel. McCann v. Adams, 320 U.S. 220, 64 S.Ct. 14, 88 L.Ed. 4; United States ex rel. Kennedy v. Burke, 173 F.2d 544, 547, 548, C.A.3.

■ Although petitioner's prior application for the writ was denied by the District Judge, the ruling was not reviewed by this Court because of appellant's failure to properly prosecute an appeal and the absence of counsel to assist him in the matter. In view of the recent ruling of the Supreme Court in Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, involving an analogous issue, which was handed down subsequent to the ruling of the District Judge denying the original application for the writ, we are of the opinion that petitioner's contention should be considered in the light of the ruling in that case, with the ruling of the District Judge subject to appellate review. See also: Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246. This requires that the present application for the writ be considered and disposed of on its merits instead of its denial on the procedural ground that the legality of petitioner's detention has been previously determined in the prior application for the writ.

The order of the District Court is set aside and the case remanded to the District Court with leave to the appellant to proceed in forma pauperis, and that a hearing be held on the application for a writ of habeas corpus, with findings of fact and conclusions of law by the District Judge, in accordance with the views of the Supreme Court applicable thereto.