Denver POWELL, Petitioner-Appellant,

v.

E. L. MAXWELL, Warden,
Respondent-Appellee.

No. 16023.

United States Court of Appeals
Sixth Circuit.

Aug. 31, 1965.

---

William Allen Ogden, Cincinnati, Ohio, for appellant.

Leo J. Conway, Columbus, Ohio (William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and MATHES, Senior District Judge.*

MATHES, Senior District Judge.

This appeal is from a judgment entered May 5, 1964, denying appellant's petition for The Writ of Habeas Corpus, after a hearing in the District Court following our remand in Powell v. Sacks, Warden, etc., 303 F.2d 808 (6th Cir. 1962).

Appellant was tried, and convicted by jury verdict of murder in the first degree, in the Court of Common Pleas of Hamilton County, Ohio, on March 22, 1957. The case has since had the attention of both the State and Federal courts on several occasions. [See: State of Ohio v. Powell, 105 Ohio App. 529, 148 N.E.2d 230 (1957), affirmed, 167 Ohio St. 319, 148 N.E.2d 232 (1958); cert. denied, 359 U.S. 964, 79 S.Ct. 882, 3 L. Ed.2d 843 (1959); Powell v. Sacks, Warden, etc., supra, 303 F.2d 808.]

The Federal constitutional question presented upon the habeas corpus hearing in the District Court, and now upon this appeal, is stated by appellant as follows: "Did the Court of Common Pleas of Hamilton County, Ohio, violate the appellant's Constitutional Rights under the Fourteenth Amendment by admitting into evidence a confession obtained from the appellant involuntarily and under coercion?"

Although our remand to the District Court was for reconsideration in light of Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), the recent case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), has introduced, since the District Court's ruling on remand, a new problem relating to the procedure of the State court in disposing of appellant's challenge to the admissibility of the confession. We are satisfied with the correctness of the District Court's determination that "the trial court applied the correct standard as to. the voluntariness of the petitioner's confession". [Rogers v. Richmond, supra, 365 U.S. 534, 81 S.Ct. 735]; and are satisfied as well that the record before us is adequate to resolve, without remand or further hearing, the subsidiary questions raised by Jackson v. Denno, supra, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

When the alleged confession was offered in evidence at the State-court trial, appellant's attorney objected upon the ground that it was "involuntary, and obtained under duress". The trial judge thereupon proceeded to hear evidence outside the presence of the jury on the issue raised as to the involuntary character of the alleged confession; and upon the conclusion of such hearing ruled that the challenged evidence was admissible.

The State trial then proceeded, and the issue as to whether alleged extrajudicial admissions and confessions of appellant were voluntarily made was litigated before the jury, with the evidence on that issue in sharp conflict as between prosecution witnesses and the appellant.

Upon submitting the case for verdict, the Judge of the Court of Common Pleas instructed the jury, *inter alia:*

"There has been evidence here and there is introduced in evidence certain admissions or confessions alleged to have been made by this defendant in connection with the charges contained in this indictment.

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

There is one here which is an exhibit purporting to be a written statement against interest, or a confession. There is other evidence introduced tending to establish some verbal or oral statements against interest, or confessions, allegedly made by the defendant in this case. Under our law such statements against interest, or as they are sometimes called, confessions, are permitted to be introduced into the evidence to be considered by the jury with all other evidence in the case in determining the issue which is to be determined and decided by the jury. In other words, confessions, or statements against interest, are competent evidence if such statements or admissions are the result of voluntary action on the part of the accused. Now a statement or confession is not voluntary under our law when it is made under duress or fear or threat of personal violence. It is not a voluntary statement or confession if it is made and induced by any promise of a reward. So that you must determine in this case as to these so-called statements against interest or confessions, whether verbal or written, you must determine whether or not they are voluntary in that sense. That does not necessarily mean that it must be shown that the accused who was alleged to have made such statements simply insisted upon making a statement, it means a statement must not be considered if it would not have been made by the accused except as a result of his fear, actual fear of physical violence, or except as his dependence upon a promise of a reward.

"If you find that any statements which may have been introduced in evidence, whether you believe them to be true or not, if you find that such statements were not voluntary under this definition or were involuntary, then you should not consider them at all in connection with your determination of the issues in the case. If you find that they were voluntarily made by the accused under the definitions which I have given you, then you should consider them together with all the other evidence in the case, giving them such weight and such credence as you find is merited under the evidence and circumstances and all of the case and then consider them, those statements, whether written or oral, together with all the other evidence in the case in reaching the conclusion or result or decision which you must reach of the facts in this case."

Here, then, the Ohio court clearly followed "the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused * * *." [Jackson v. Denno, supra, 378 U.S. at 378, 84 S.Ct. at 1781; see also, id., at 378 n. 8, 390 n. 18, 395 n. 23, 397–398, 416; cf. Rogers v. Richmond, supra, 365 U.S. at 537, 542–544, 81 S.Ct. 735.

Here, too, the Ohio court gave appellant that "to which he is constitutionally entitled—an adequate evidentiary hearing [by the trial judge outside the presence of the jury] productive of reliable results concerning the voluntariness of his confession". [Jackson v. Denno, supra, 378 U.S. at 393–394, 84 S.Ct. at 1790] Moreover, in the case at bar, the trial judge's independent determination of voluntariness was made "prior to the admission of the confession to the jury which [was] adjudicating guilt or innocence". [Id., at 395, 84 S.Ct., at 1791.]

■ Appellant now raises before us the further question "whether failure to provide funds to appellant's court-appointed attorney for travel and subsistence from Cincinnati, Ohio, to Columbus, Ohio, while said attorney was representing appellant before the District Court in Columbus, Ohio, violated appellant's constitutional rights". While we could wish funds were available to reimburse and even compensate appellant's court-

appointed counsel, it does not appear that lack of such funds was any deterrent to the zeal and effectiveness of William Allen Ogden, Esq., who has represented appellant without reimbursement of expense and without compensation, both in the District Court and before this Court, all in keeping with the high ideals of his profession.

Appellant's rights under the Fourteenth Amendment have been fully recognized and protected throughout.

Affirmed.