**UNITED STATES of America ex rel. Barney P. BENNETT, Petitioner-Appellant,**

**v.**

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 15613.**

United States Court of Appeals Seventh Circuit.

June 8, 1966.

Rehearing Denied June 27, 1966.

Barney P. Bennett, in pro. per.

William G. Clark, Atty. Gen., Chicago, Ill., Richard A. Michael, Philip J. Rock, Asst. Attys. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner, Barney P. Bennett, an inmate of the Illinois State Penitentiary proceeding *in forma pauperis*, appeals from the order and judgment of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C.A. § 2241.

On appeal, Bennett alleges that his custody is unlawful because the state knowingly used perjured testimony in obtaining an indictment against him, because he was denied the right to have witnesses in his behalf, and because he was denied the right to self-defense.

The district court's order of dismissal reads as follows:

"The Court, having examined a transcript of petitioner's trial, finds as follows: (1) All grounds for relief raised by petitioner are without merit; (2) Although petitioner refused several attempts to assign him counsel and chose to conduct the trial himself, the trial judge did assign a representative of the Public Defender's Office, who was familiar with the case, to assist the petitioner. Relief is denied, and the cause is hereby dismissed."

The petition for habeas corpus before the district court did not contain exactly the same allegations as those presented on appeal. Before the district court, Bennett alleged that the state had knowingly used perjured testimony, that the jurors were allowed to return home before rendering a verdict, that his indictment under the burglary statute was null and void because the value of the particular article charged to have been stolen was $25. Bennett appears to claim in this last allegation that the indictment was defective because a petit larceny

charge will not support a burglary indictment.

Bennett's petition for habeas corpus was presented on a habeas corpus form supplied state prisoners by the district court to aid prisoners with their applications and to bring clarity and precision into prisoners' applications and allegations.[1] Bennett amplified certain sections of this form with his own typewritten copy, but to the form question which asked whether he was represented by an attorney at any time during the course of the legal proceedings against him, or on his appeals, applications, petitions, and motions, Bennett answered with an unequivocal "No."

The district court judge entered an order limiting Bennett's habeas corpus petition to the issue of whether petitioner had counsel at trial. After examination of petitioner's trial transcript, which was forwarded to the district judge by order of the Illinois Supreme Court on motion of respondent, the district court entered the order dismissing Bennett's petition after finding that there were no meritorious grounds for relief and that Bennett chose to conduct his case himself and had the assistance of counsel.

■■ Notwithstanding Bennett's allegations with respect to counsel on appeal, the record clearly shows that the district judge was justified in treating Bennett's petition as alleging a denial of counsel. In this respect, we note that Bennett had an opportunity, after the court entered its order limiting the issues, to correct the court's understanding of the case, if he felt the court misunderstood his petition. Insofar as Bennett complains on appeal that counsel was appointed to assist him, although he did not wish to have counsel and desired to conduct his own defense, Bennett has not indicated, assuming it was improper to give him counsel when he did not desire it, how the fact that he had the assistance of counsel prejudiced him at his trial.

■ As for Bennett's contentions with respect to the indictment against him, we have already indicated in United States of America ex rel. Bennett v. People of the State of Illinois, 356 F.2d 878 (7 Cir. 1966), that in Illinois, not the value of the property stolen, but breaking and entering with felonious intent is the essence of the crime of burglary.

■ Although the district court entered an order limiting Bennett's petition to the question of denial of counsel, the court's order of dismissal expressly states it found, after an examination of petitioner's trial transcript, that all grounds for relief raised by petitioner were without merit. A district court may properly dismiss a petition for habeas corpus without an evidentiary hearing, if its examination of the trial transcript discloses that the grounds of relief raised are without merit. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Walden v. Pate, 7 Cir., 350 F.2d 240 (1965).

■ As petitioner stated in the prescribed form for habeas corpus filed in the district court, he has been before such court in thirteen prior proceedings, in the United States Court of Appeals for the Seventh Circuit in one prior proceeding, in the Supreme Court of the United States in three prior proceedings, in various courts of the State of Illinois in fourteen prior proceedings, all of which were subsequent to his original conviction in the state courts of Illinois. He was unsuccessful in these thirty-one post conviction proceedings. He has had his "day in court."

We affirm the order and judgment of the district court appealed from in this proceeding.

Affirmed.

---

1. This form of petition was furnished to petitioner by the United States District Court for the Northern District of Illinois pursuant to Rule 23 of the District Court.