**Kenneth Ray LAWSON, Petitioner,**

v.

**William S. NEIL, Warden, etc., Respondent.**

**Civ. A. No. 2415.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 7, 1969.

Order Dec. 8, 1969.

Kenneth Ray Lawson, pro se.

Elmer Davies, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The petitioner Mr. Lawson, who is in custody of the respondent pursuant to a judgment of the Criminal Court of Greene County, Tennessee, applies to this Court for the federal writ of habeas corpus, claiming he is incarcerated in violation of the Constitution of the United States. 28 U.S.C. § 2554(a). As to two of the questions he presents [1] in his application, Mr. Lawson appears to have exhausted his state remedies. 28 U.S.C. § 2254(b), (c).

■ The same two questions have been previously presented to and determined adversely to the petitioner, however, by the United States District Court for the Middle District of Tennessee, as claimed by Mr. Lawson in his petition. He makes no further claim in his current application as to either question. Although it is not a rigid rule prohibiting further inquiry, Sanders v. United States (1963), 373 U.S. 1, 12, 83 S.Ct. 1068, 10 L.Ed.2d 148, 159 [9], this Court is not required to entertain successive applications for relief on the same grounds, 28 U.S.C. § 2244, where, as here, the Court is satisfied that the ends of justice will not be served by another inquiry. Powell v. Sacks, C.A.6th (1962), 303 F.2d 808, 810 [2]; Sanders v. United States, *supra*.

■ Mr. Lawson also claims that he was subjected to double jeopardy by being twice convicted and sentenced for larceny when he had been convicted for burglary arising out of the respective same acts,[2] and that he was again subjected to double jeopardy, because the same pistol [3] was utilized to commit two respective felonious assaults on two different persons. This third question cannot now be considered by this Court. " * * * Before an application for the writ of habeas corpus may be granted by a federal court, it must appear in the application that the constitutional questions therein raised have been ruled on by the state courts. * * *" Gentry v. Tollett, etc., D.C.Tenn. (1969), (unpublished) memorandum and order in civil action no. 2243, this district and division, citing Application of Ortega, D.C.Ill. (1957), 158 F.Supp. 946, 948 [4], certiorari denied *sub nom.* Ortega v. Ragen, etc. (1959), 359 U.S. 928, 79 S.Ct. 612, 3 L.Ed.2d 630. It does not so appear in the current application of Mr. Lawson. In addition, this Court must be satisfied that there are good reasons why this third question was not presented to the United States judge who previously considered the petitioner's appli-

---

1. These questions relate to the petitioner's claims that he was confined prejudicially in a barred enclosure during his trial in the state court, and that he was denied therein the assistance of counsel.

2. Mr. Lawson should not have been punished twice for the same acts, resulting in both burglary and larceny, the charge of larceny having merged with the charge of burglary. Hughes & Celeska v. State (1922), 147 Tenn. 241, 245–246 [3], 246 S.W. 834.

3. This claim is obviously so frivolous as not to require discussion. The offense of feloniously assaulting Mr. Woods obviously required proof of facts not required in proving the offense of feloniously assaulting Mr. Cartwright, even with the identical weapon. See Riadon v. United States, C.A.6th (1960), 274 F.2d 304, 306 [3], certiorari denied (1960), 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189.

cation, before this Court can entertain jurisdiction to consider it. Broadus-Bey v. Diamond, C.A.6th (1959), 264 F.2d 242 [1], certiorari denied (1959), 360 U.S. 939, 79 S.Ct. 1463, 3 L.Ed.2d 1550.

For the several reasons appearing, the application of Mr. Lawson is without merit and hereby is properly, United States v. Pate, C.A.4th (1966), 362 F.2d 89, 91 [4],

Dismissed.

## ORDER ON MOTION FOR CERTIFICATE OF PROBABLE CAUSE

The petitioner Mr. Lawson has filed seasonably a notice of appeal from this Court's order of November 7, 1969 herein, dismissing his application for the federal writ of habeas corpus. Rules 3(a), 4(a), 22(a), Federal Rules of Appellate Procedure. This being a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, 28 U.S.C. § 2254(a), the petitioner has moved this Court to issue a certificate of probable cause. 28 U.S.C § 2253; Rule 22(b), Federal Rules of Appellate Procedure. He also moves for leave to proceed on this appeal in *forma pauperis*. 28 U.S. C. § 1915(a).

The latter motion requires no action by this Court. " * * * [A] party who has been permitted to proceed in an action in the district court in forma pauperis, * * * may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding. * * *" Rule 24(a), Federal Rule of Appellate Procedure. This Court will neither so find nor certify herein.

It is the opinion of this Court that the issues herein are " * * * 'not plainly frivolous.' * * *" *Cf.* Martin v.

Henderson, D.C.Tenn. (1968), 289 F. Supp. 411, 414 [8]. Accordingly, it hereby is certified that there is sufficient probable cause for this appeal.