James SATTERLY, Jr., Movant,

v.

UNITED STATES of America,
Respondent.

Civ. A. No. 2439.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 21, 1969.

James Satterly, Jr., pro se.

John L. Bowers, U. S. Atty., Knoxville,
Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Satterly appeared before this Court at 10:00 o'clock a. m., on September 10, 1964. The prosecuting attorney announced that he understood Mr. Satterly had indicated he wished to come before this Court and be proceeded against by information.

The Court inquired at the outset: "Mr. Satterly, do you have an attorney?" Receiving a negative response, the Court then stated: "You have a right under the Constitution of our country to have an attorney present at every stage of a criminal proceeding. This is such a stage. Would you like time to get a lawyer?" After further colloquy the Court requested a former assistant United States attorney to represent Mr. Satterly, and announced: "This case will be passed [to] give you an opportunity to talk with him [his appointed attorney]. * * * *"

Fifty-five minutes afterward, Mr. Satterly returned to the courtroom with his counsel. His attorney announced Mr. Satterly waived in open court indictment by a grand jury. Whereupon, the Court said: "I would like for him to do that himself. Let me explain to him: Mr. Satterly, under our system and under our Constitution, before you can be called on to answer any criminal charge, you have a right to have your case go before the grand jury to be considered by the grand jury. The grand jury might return an indictment against you, and if they did, you would have to answer it. They might not return an indictment against you, and you would never have to answer to it. Do you understand that?" After Mr. Satterly answered in the affirmative, he executed a written

waiver of indictment, which was filed along with a one-count information, charging him with a felony. On arraignment. Mr. Satterly presented the Court with a petition to be permitted to enter a plea of guilty to the information. Included therein, *inter alia,* are these statements:

"* * * I have received a copy of the information before being called upon to plead, and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in this case.

"* * * I have told my attorney the facts and surrounding circumstances as shown to me concerning the matters mentioned in the information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed me, and has counselled and advised with me as to the nature and cause of every accusation against me, and as to any and all possible defenses I might have in this case.

\*    \*    \*    \*    \*    \*

"* * * I understand that I may, if I so choose, plead 'not guilty' to any offense charged against me, and that if I choose to plead 'not guilty' the Constitution guarantees me * * * (b) the right to see and hear all witnesses against me * * *, and (d) the right to have the assistance of counsel in my defense at all stages of the proceedings.

\*    \*    \*    \*    \*    \*

"* * * I believe and feel that my attorney has done all that anyone could do to counsel and assist me, and * * * I now understand the proceeding in this case against me.

"* * * I know the Court will not accept a plea of 'GUILTY' from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead 'GUILTY' and respectfully request the Court to accept my plea * * *.

"* * * I declare that I offer my plea of 'GUILTY' freely and voluntarily and of my own accord; also that my attorney has explained to me, and I feel and believe I understand, the statements set forth in the information, and in this petition, and in the 'Certificate of Counsel' which is attached to this petition.

\*    \*    \* "

Even so, this Court inquired verbally of Mr. Satterly whether he understood what it was that he was claimed to have done that violated the law; whether he understood the maximum penalty for such violation was five years' imprisonment or $10,000 fine, or both; and whether, knowing the penalty, he still wished to plead guilty. The movant answered all these questions in the affirmative. The Court then said: "You understand what you are doing, and your counsel, I know, has talked with you about the matter; the Court is going to accept your plea of guilty, as you have requested and as your counsel has recommended."

Mr. Satterly had 23 days to reflect on all this, before he reappeared before the Court for sentencing. At that time, the Court engaged in a lengthy discussion with the movant, including his detailed account of how he had been apprehended in the car he had stolen, on which this charge was based, when he had backed that automobile into a law enforcement officer's vehicle at a traffic signal, and including his lengthy record of law violations. Mr. Satterly at that time made none of the protestations he now makes, all these years afterward. At his request the Court recommended that commitment be to a particular institution, where he could learn a trade, and the Court subjected his five-year sentence to his being paroled at any time. 18 U.S.C. § 4208(a) (2). Four days afterward, Mr. Satterly wrote the Court, *inter alia*: "Permit me to express my appreciation for your remarks of hope for my future as stated in court last October 2nd, 1964. I, too, hope I

will be able to serve my time and return to the outside world and become a good citizen. Also, may I say thanks for your recommendation of sending me to Milan, Michigan, where I can continue a vocational training program. I honestly believe this training will help me in obtaining a regular place of employment when I am finally released. * * * " He also made reference to his determination to " * * * follow the promises I have made here. * * * "

 Notwithstanding this history, the movant seeks to have his sentence vacated and set aside, because, he now claims, his guilty plea was not made voluntarily and with an understanding of the nature of the charge, that neither the Court nor anyone else informed him of his constitutional right against compulsory self-incrimination or his right to confront his accusers, and that he was provided ineffective counsel due to the short time between counsel's appointment and his arraignment. This record clearly discloses that Mr. Satterly's plea was made voluntarily after proper advice by counsel and with a full understanding of the consequences thereof, see Julian v. United States, C.A. 6th (1956), 236 F.2d 155, 158[3], and with a full understanding of the nature of the crime, Fultz v. United States, C.A. 6th (1966), 365 F.2d 404, 408[2, 3]. There is not the slightest indicia that the movant was prejudiced by the period of time devoted by him and his counsel to the discussion of his situation. United States ex rel. Chambers v. Maroney, C.A. 3rd (1969), 408 F.2d 1186, 1190[1], petition for certiorari pending. This arraignment was merely the preliminary stage before trial, where the accused was informed of his right to grand jury consideration, his right to counsel and his right to plead not guilty. See Hamilton v. Alabama (1961), 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114, 116[2], n. 4.

As the issues raised by the movant are purely legal, no evidentiary hearing is required. Barker v. State of Ohio, C.A. 6th (1964), 330 F.2d 594[1]. The motion herein and the files and records of the arraignment transcript of the pertinent criminal case showing that the prisoner is entitled to no relief, 28 U.S.C. § 2255; United States ex rel. Bennett v. Pate, C.A. 4th (1966), 362 F.2d 89, 91[4], the movant James Satterly, Jr. hereby is denied all relief.

Judgment will enter, dismissing the motion.