**Lawrence E. TWEEDY, Petitioner,**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71-C-24-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

July 3, 1971.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

By his petition for a writ of habeas corpus, which has been filed in forma pauperis, Lawrence E. Tweedy complains of certain convictions imposed upon him by the Corporation Court of the City of Lynchburg. On December 15, 1965 he was convicted in that court upon his pleas of guilty to two counts of statutory burglary and four counts of unauthorized use of an automobile. The court set punishment at two years on each count but suspended ten of the twelve years during his good behavior with five years of probation. Unfortunately he was unable to live up to the terms of his probation and the suspended portion of his sentence was revoked after his conviction of credit card fraud.

Tweedy's state petition for a writ of habeas corpus raising essentially the same issues pressed here was denied on September 15, 1967 after a hearing by the Corporation Court of the City of Lynchburg. He did not take a direct appeal from this judgment but after his return to prison life he apparently filed essentially the same petition in the Supreme Court of Appeals of Virginia. That petition was denied on March 15, 1971. Since that court has original jurisdiction to consider petitions for writs of habeas corpus, the petitioner's claims have been considered and rejected both by the trial court and the Supreme Court of Appeals. Accordingly, the court finds that the petitioner has exhausted his state remedies as required by 28 U.S. C.A. § 2254.

Tweedy's allegations fall into a pattern familiar to these prisoner petitions. He alleges that he was coerced into a confession by the police without being advised of his rights, that his court appointed attorney coerced him into a plea of guilty by threats of a harsher sentence and by refusing to subpoena witnesses, and that he was arrested without a warrant and his attorney failed to bring up this issue although Tweedy advised him about it.

Unfortunately a transcript of the hearing on Tweedy's state petition for a writ of habeas corpus was not prepared. The transcript of the original criminal trial is present in the record, however, and it so effectively refutes the petitioner's present contentions that it is felt a federal hearing would be superfluous.

First will be examined Tweedy's claim that he was coerced into a confession without being advised of his rights. At the trial after Police Officer Loving had testified to the defendant's complete confession to all the charges, Tweedy's counsel cross-examined him on the question of whether the officer had advised the suspect of his constitutional rights before being questioned. The following quote illustrates that Tweedy's counsel was alert to the possibility of excluding this confession if any element of possible involuntariness existed:

Q. Mr. Loving, before you questioned him did you advise him fully of his rights?

A. I positively did and explained it to him thoroughly.

Q. What did you tell him, briefly, what his rights were?

A. I first asked him did he know who I was—I thought probably he already knew—and he thought he knew who I was and I took my identification out and showed him who I was and told him we would like to question him in reference to some offenses that had occurred in the City of Lynchburg, I wanted to make sure that he understood his rights—that he did not have to make any statement to us whatsoever, that he had a right to an attorney, and that any statement that he would make to us concerning anything that he might be implicated in could be used against him in a court of record.

Q. And did you make your examination of him in the presence of Mr. Robertson and other police officers at the same time?

A. The two Mr. Robertsons—yes, sir, one being—

Q. And also the probation officer.

A. Yes, sir.

Q. And they were all present and heard him make these statements?

A. All four of us were seated in Mr. Robertson's state car.

■ Before passing sentence upon the defendant, the trial court entered into a searching inquiry on whether Tweedy felt he had been treated fairly and whether the attorney had done everything possible to protect his client's interests. This court feels that the passage clearly refutes the present allegations that the attorney coerced him into a pela of guilty and failed to pursue the illegal arrest issue after Tweedy had requested him to do so. The passage also indicates to this court that defendant did not dispute the police officer's testimony to the effect that the suspect had been fully advised of his rights before being interrogated.

Q. Do you know that you are entitled to have a jury trial on each of these cases on a plea of not guilty and let a jury pass on your guilt or innocence and also fix your punishment if you are guilty? Do you know that?

A. Yes, sir.

Q. Have you talked to Mr. Hester your attorney who is representing you and gone over these cases with him?

A. Yes, sir, I have.

Q. After talking to him have you reached a conclusion that your plea of guilty is a voluntary plea and that you want to make it after consulting with your attorney?

A. Yes, sir.

Q. Are there any witnesses that you want to testify in this case who you wanted Mr. Hester to have who are not here, or who are not here today?

A. No, sir.

Q. Are you satisfied with your lawyer in this case?

A. Yes, sir—I am.

Q. Have you any complaint about the conduct of anyone connected with any

law enforcement in this particular case or the cases that you are before the court on now?

A. No, sir.

Q. Do you have anything further to say why the court should not now pass sentence upon you?

A. No, sir.

 On the basis of Tweedy's answers to these thorough questions, the court wholly rejects his present allegations that his attorney refused either to call helpful witnesses or to pursue the illegal arrest issue which was urged upon him. Considering by itself the claim of an illegal arrest and making the doubtful assumption that an illegal arrest did take place, it is clear that such an allegation is not grounds for granting habeas corpus relief because it does not taint the actual conviction with a constitutional infirmity. *See* United States ex rel. Orsini v. Reincke, 286 F.Supp. 974 (D.Conn.), aff'd, 397 F.2d 977 (2nd Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969).

The court finds that the transcript of the original criminal trial is adequate to rebut the petitioner's claims. "A district court may properly dismiss a petition for habeas corpus without an evidentiary hearing, if its examination of the trial transcript discloses that the grounds of relief raised are without merit." United States ex rel. Bennett v. Pate, 362 F.2d 89 (7th Cir. 1966).

On the basis of the foregoing reasoning the court finds that the petition should be and hereby is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the Clerk of this court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

a) the judgment, order or part thereof appealed from;

b) the party or parties taking the appeal; and

c) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.