Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Upon remand from the United States Court of Appeals for the Fourth Circuit, the petition of Lawrence E. Tweedy for a writ of habeas corpus is again before the court.

Tweedy pleaded guilty to and was convicted of statutory burglary (two counts) and the unauthorized use of an automobile (four counts) in the Corporation Court of the City of Lynchburg on December 15, 1965. The court set punishment at two years on each count but suspended ten of the twelve years during his good behavior with five years probation. Because of a subsequent conviction for credit and fraud, however, the suspended sentence was revoked.

Tweedy alleges several grounds for relief, to wit: 1) the police obtained a

**Lawrence E. TWEEDY, Petitioner,**

v.

**A. E. SLAYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71-C-24-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

June 22, 1972.

confession through duress and without advising him of his constitutional rights; 2) the guilty pleas were involuntary; and 3) he was denied the effective representation of counsel. Based upon the transcript and other records of the original trial, this court concluded that the petition lacked merit and it was therefore dismissed. Tweedy v. Slayton, 329 F.Supp. 979 (W.D.Va.1971). Without considering the petition's merits, the Fourth Circuit remanded the case and directed this court to further develop the facts surrounding the claims by reviewing the state habeas corpus records, including the hearing transcript, and, if necessary, to conduct a plenary hearing in this court.

The state habeas corpus hearing was largely confined to the interrelated second and third claims. Tweedy complains that counsel advised him to plead guilty after secretly conferring with the Commonwealth's Attorney. Further, he alleges that counsel failed to question or call to testify several witnesses whose absence left him with no other choice but to plead guilty to the charges. These alleged witnesses (and thus the claim) are apparently connected with only the statutory burglary charge for which he was originally imprisoned. He also asserts that his attorney failed to challenge the validity of the confession. Although petitioner suggested four witnesses whom counsel should have contacted, he admitted that only one, Alfred Harden, could help him establish an alibi defense to the burglary charge. Mr. Morris Hester, Tweedy's court appointed counsel testified that he contacted Harden by telephone, and was informed, apparently by message, that Harden knew nothing about the case and that he could not help Tweedy. Counsel also talked to the parent of a family with whom Tweedy occasionally stayed. She told him that petitioner had stayed at her home the night several of the crimes occurred, but she had no idea when he had left or returned to her home. Moreover, counsel, conferred with the investigating police officers about the crimes and of Tweedy's admissions, and also determined that the arresting officers had, upon arrest, advised him of his rights. He concluded that the confession was voluntary. Before trial he discussed with petitioner the results of his investigation, and also informed him of the Commonwealth's Attorney's proposed sentence recommendation upon pleas of guilty which counsel had elicited during their conferences. From all this it is clear that there is no evidence beyond the record which indicates that the plea of guilty was involuntary or unintelligent.

Although the facts surrounding Tweedy's initial claim were not further developed at the state hearing, this court feels that an additional evidential hearing in this court is unwarranted. Having determined that the pleas were valid, the court invokes the principle announced in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), which is particularly applicable to this case. In *McMann* the Supreme Court held that an otherwise valid guilty plea entered by an accused represented by counsel may not be collaterally attacked by habeas corpus on the sole basis that the plea was the product of a prior coerced confession, and that without more, a defendant is not entitled to a hearing on his habeas corpus petition. The court ruled that a petitioner must in addition show that he was not competently advised by counsel of the methods by which he might challenge his confession on the forum in which he should first present his constitutional claim as to the confession's validity. The plea is also open to challenge if the petitioner can show that the "circumstances that coerced the confession have abiding impact and also taint the plea. Cf. Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940)." 397 U.S. at 767, 90 S.Ct. at 1447. None of these circumstances appear in this case. Counsel, as noted, investigated the circumstances surrounding the confession, became satisfied as to its validity, and so informed Tweedy. As a further indi-

cation of his alertness, counsel questioned the investigating police officer at trial about his advising petitioner of his constitutional rights. Moreover, in this proceeding, Tweedy has relied more heavily on the alleged failure of his counsel to procure witnesses than on the claimed involuntary confession in order to challenge the guilty plea. In any case, even if the statement was elicited under duress, there is no indication that the coercive facts "tainted the plea", especially where, unlike *Chambers*, counsel was appointed shortly after his arrest and the trial was held more than a month after the confession was made. Thus, it appears that the petition for a writ of habeas corpus should be dismissed and the relief denied.

It is so ordered.