Paul J. RYAN, Defendant, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6923.

United States Court of Appeals
First Circuit.

Oct. 25, 1967.

Chester C. Paris, Wakefield, Mass., with whom Joseph J. Balliro, Boston, was on the brief, for appellant.

Stanislaw R. J. Suchecki, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The defendant, a teller in a federally insured bank, was found guilty by a jury of making a false entry in the records of the bank with intent to injure and defraud the bank. 18 U.S.C. § 1005. Specifically, he withdrew $800 from the bank. leaving in the drawer of his "bus" a check drawn upon his wife's account in

the same amount, but "settling his accounts" so as not to indicate the withdrawal. These facts were admitted; the issue was intent to defraud the bank. In order to show this, the government introduced, over defendant's objection, evidence tending to show that the check on his wife's account was forged by the defendant. The admissibility of this evidence is the principal issue on this appeal.

After testifying that he was "familiar" with the wife's signature card, but not otherwise with her signature, the treasurer of the bank was allowed to state that the signature on the check was not hers. The assistant treasurer, after testifying that he was "familiar" with the defendant's handwriting, testified that the signature on the check was written by the defendant. Neither witness showed testimonial qualifications in any other respect.

The defendant's position is stated succinctly—the bank officials, not being handwriting "experts," could not testify unless they had " 'considerable familiarity' with the writings in issue."

■■■ The admission of the testimony of the treasurer was error. Testimony that an individual piece of writing was written by a certain person, in the absence of actual observation of the event is, in reality, an opinion. A witness may testify to such an opinion only if he has special qualifications to do so. These may be based on expert training and experience in handwriting analysis in general, or they may be based upon experience with the handwriting of the individual in question. A witness who has neither, who can merely express an untrained comparison of two writings which are in evidence, supplies nothing to aid the jury. Strother v. Lucas, 1832, 31 U.S. (6 Pet.) 763, 8 L.Ed. 573; McKay v. Lasher, N.Y.S.Ct., 1886, 42 Hun 270; Wigmore, Evidence §§ 570, 1997, 2004. As the treasurer expressly denied familiarity with the handwriting of the wife, the questioned writer, his so-called familiarity with the signature card afforded no basis for testifying.

■■■ The assistant treasurer, on the other hand, asserted a general familiarity with the handwriting of the defendant. While the requisite knowledge has sometimes been phrased as "considerable familiarity," rather than "familiarity," Noyes v. Noyes, 1916, 224 Mass. 125, 130, 112 N.E. 850, the defendant in no way suggested that this possible distinction was troubling him. The witness' position in the bank, where the defendant was a teller, made his assertion of familiarity entirely reasonable. Under these circumstances the government had made a prima. facie showing and the burden was on the defendant to test the witness on a voir dire.

■■■ We come to the more difficult question whether the erroneous admission of the treasurer's testimony was so prejudicial as to require reversal. Were his the only evidence that the signature on the check was forged, we would feel obliged to answer this question in the affirmative. However, since other probative evidence was properly received from the assistant treasurer, the treasurer's testimony was merely cumulative. Noyes v. Noyes, supra; cf. Starr v. United States, 105 U.S.App.D.C. 91, 1958, 264 F.2d 377, cert. denied 359 U.S. 936, 79 S.Ct. 652, 3 L.Ed.2d 639; Redmond v. United States, 1 Cir., 1925, 8 F.2d 24. Furthermore, on its face it was not strong evidence. By his own statement, all the treasurer was doing was expressing a personal opinion that the signature card and the signature on the check did not correspond. The jury had both writings before them, and were fully capable of disregarding the treasurer's opinion if they found it unjustified. See Lemmons v. United States, 10 Cir., 1932, 62 F.2d 608. For what it may be worth, we have inspected the two exhibits ourselves, particularly the writing of the last name, which is found in both signatures, and find the dissimilarity so marked that it is difficult to think the jury needed the treasurer's testimony to find a forgery. Viewing the lengthy record as a whole, we conclude that the erroneous admission does not require reversal.

The defendant also objects to a number of the court's comments during the trial suggesting that time was being wasted. Defendant does not, and could not, complain that these remarks indicated partiality—they were addressed to government counsel as well as to defendant. Nor were they rude or intemperate. Spread over the five days that the trial consumed, they were not very frequent. Finally, even from our point of comparative disadvantage, at least some of them directed to defendant's counsel were clearly justified. If one or two were not, certainly that was not prejudicial error, absent any showing that material evidence was thereby excluded.

Affirmed.