**Wallace E. STEADMAN, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2388.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 15, 1969.

Wallace E. Steadman, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Mr. Steadman is in custody pursuant to the judgment of a state court. His presence and participation were obtained in the trial of a federal charge in this Court, which sentenced him to federal prison on February 5, 1969 after he was found guilty by a jury. He was then remanded to the custody of the aforementioned state authorities. He now seeks a vacation of the federal sentence thus imposed, 28 U.S.C. § 2255.

Mr. Steadman claims (a) that his conviction of the federal charge is void, as violative of rights secured to him by the Fifth and Fourteenth Amendments to the federal Constitution, in that he was convicted on involuntary admissions or a confession he made to federal postal inspectors at a time when he had not been forewarned properly of his right of silence; (b) that he was denied the effective assistance of court-appointed counsel guaranteed him by the Sixth Amendment in that trial, because his counsel " * * * failed to ascertain the Constitutional Volility [sic: (perhaps) validity] of these incriminating statements * * * "; and (c) that his counsel failed in his duty to seek appellate review of the movant's conviction and a certificate of probable cause. There is no merit to any of these claims.

■ During the trial of the movant on the federal criminal charge in this Court, United States of America v. Wallace Eugene Steadman et al., criminal action no. 7029, this district and division, the Court conducted a hearing out of the presence of the jury on the voluntariness of a purported confession or incriminatory admissions made to postal inspectors investigating the crime with which Mr. Steadman was eventually charged. Although the Court was disturbed concerning the manner in which these inspectors undertook to advise Mr. Steadman of his right to counsel, the Court, ultimately, under the provisions of the Omnibus Crime Control and Safe Streets Act of 1968, esp. 18 U.S.C. § 3501, determined that any confession of the movant was voluntarily made, permitted the jury to hear relevant evidence on the issue of voluntariness, and in-

structed the jury to give such weight to any such confession or other incriminatory statements of the movant as the jury felt was deserved under all the circumstances, *Ibid.*, subsections (a) and (b). Further, the jury was requested to, and did, report, in the event of a conviction, whether any such confession or other incriminating statements by the movant had been considered in their finding of guilt. The jury reported such was not considered in such finding.

■■ Contrary to the assertions of the movant, his court-appointed counsel, Fred M. Hartman, Esq., did contest the validity of such incriminating statements. Further, the affidavit of Mr. Hartman of June 30, 1969, is positive to the effect that the movant at no time requested that notice of appeal therein be filed; and the Court advised Mr. Steadman at the time of sentencing of his right to appeal, of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis, and that, on his request, that the clerk of this Court would prepare and file forthwith a notice of appeal on his behalf. Rule 32(a) (2), Federal Rules of Criminal Procedure.

■■ Withal, 28 U.S.C. § " * * * 2255 * * * is not a substitute for appeal for alleged errors committed at the trial. * * * " Eisner v. United States, C.A. 6th (1965), 351 F.2d 55, 57 [5]. The courts " * * * do not look with favor upon an attempt to raise questions in a collateral attack on a judgment of conviction which could have and should have been raised at the time of trial. * * * " *Ibid.*, 351 F.2d at 58 [7].

The motion herein and the files and records of the aforementioned criminal case showing conclusively that the movant is entitled to no relief, 28 U.S.C. § 2255, the clerk will enter a judgment herein, dismissing the motion. Rule 58, Federal Rules of Civil Procedure.