**Wallace STEADMAN, Movant,**

**v.**

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 2601.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 9, 1970.

Wallace Steadman, pro se.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a motion by Mr. Wallace E. Steadman, in custody under sentence of this Court, to vacate and set aside such sentence. 28 U.S.C. § 2255. He claims the right to be released, on the ground that such sentence is subject to collateral attack.

Among the grounds urged by Mr. Steadman is that he did not have adequate counsel for his defense in Unit-

ed States of America v. Wallace E. Steadman, et al., criminal action no. 7029, this district and division. This claim was considered by the Court and rejected earlier, see Steadman v. United States of America, civil action no. 2388, this district and division, memorandum opinion and order of August 15, 1969, 311 F.Supp. 207; and this Court is not required to entertain a second or successive motion for similar relief of the same prisoner, 28 U.S.C. § 2255; Long v. United State, C.A.6th (1957), 245 F. 2d 871, 872[2], certiorari denied (1957), 355 U.S. 878, 78 S.Ct. 144, 2 L.Ed.2d 109.

■ The movant claims further that he was denied a fair trial, because his wife was charged with the same offense as he, and was told that if she did not appear as a witness against him, she would be sentenced to a term in prison and would have her children taken away. There is no merit to this claim. The record in the aforenumbered criminal action reflects that Mrs. Steadman did not testify against the movant; rather, that she testified that a codefendant of his in said action, Mr. Charles Hesque Bishop, arrived at her home and had in his possession certain money orders. The prosecution avoided carefully seeking to elicit any testimony from Mrs. Steadman against her husband.

■ It is further claimed by Mr. Steadman that he was denied a fair trial, because his past record was brought out and "* * * the court summoned witnesses to testify to his character and reputation. * * *" This claim likewise is without merit. The Court summoned no witnesses in the said trial, and no witness testified adversely to him as to the character and reputation of Mr. Steadman.

■ Mr. Steadman maintains that there was no evidence against him on that trial except his wife's testimony and the character witnesses against him. As stated, neither of these things occurred. There was extensive evidence linking Mr. Steadman to a conspiracy which the evidence showed had been formed, as well as to the substantive charges in the indictment. Mr. H. R. Anderson, a postal inspector, testified that the movant had cashed eight specific money orders in New Orleans, Louisiana and Orlando, Florida, which had been stolen earlier. Mr. J. M. Broyles, a police detective of Kingsport, Tennessee, identified an exhibit as the fingerprints he had taken of the movant; a fingerprint analyst expressed his opinion that the latent fingerprints on one of the stolen money orders were the same as those of Mr. Steadman; and a questioned documents analyst testified his opinion that endorsements on certain of the stolen money orders were in the handwriting of the movant. See Ryan v. United States, C.A.1st (1967), 384 F.2d 379, 380[1].

■ Finally, Mr. Steadman claims that the indictment herein was never received by him until he appeared in court. The following occurred at his arraignment:

* * * * * *

"THE COURT: 'Are you Wallace Eugene Steadman?'

"MR. STEADMAN: 'Yes, sir.'

"THE COURT: 'Has he received a copy of the indictment in this case?'

"MR. HARTMAN (defendant's counsel): 'Yes, your Honor.'

* * * * * *

"MR. HARTMAN: 'If it pleases the Court, we waive the reading of the indictment—acknowledge the reading of the indictment and enter a plea of not guilty to all counts * * *.' "

* * * * * *

Thus, this claim of Mr. Steadman also lacks merit.

The motion and the files and records of the criminal case in which Mr. Steadman was sentenced show conclusively that the prisoner is entitled to no relief. See United States ex rel. Bennett v. Pate, C.A.7th (1966), 362 F.2d 89, 91[4]. The movant therefore is denied all re-

lief. Judgment will enter, dismissing the motion without an evidentiary hearing. Rule 58, Federal Rules of Civil Procedure.