UNITED STATES of America, Plaintiff,

v.

Patricia Louise Needham OWENS, Defendant.

No. CR–2–76–19.

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 28, 1976.

**422**

Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

J. Klyne Lauderback, Bristol, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mrs. Owens was found guilty by a jury under both counts of the indictment herein. She moved timely for entry of a judgment of acquittal or for a new trial, Rules 29(c), 33, Federal Rules of Criminal Procedure, claiming the insufficiency and contrary weight of the evidence as well as error by the Court in admitting the testimony of her husband as to matters occurring before their marriage. Such testimony was referable only to the charge contained in count 2. The latter ground is meritorious.

The prosecution's witness Mr. Joe Davis testified in connection with such count that Mrs. Owens had cashed the check described bearing a forged endorsement at his service station, and that some 1½ years afterward, her (after acquired) husband, Mr. Robert C. Owens, repaid Mr. Davis the $64 the station had lost by virtue of having cashed for Mrs. Owens the check. The prosecution after-

ward called Mr. Owens as its witness against his wife.

When, out of the presence of the jury, the Court ascertained that Mr. and Mrs. Owens are presently married, and that his testimony might be deemed to be adverse to her, the Court sustained the defendant's objection and disqualified Mr. Owens as a witness against her. Subsequently, on the authority of *United States v. Van Drunen*, C.A. 7th (1974), 501 F.2d 1393, 1397[4], certiorari denied (1974), 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed.2d 684; .8 Wigmore on Evidence 647–648, § 2335; McCormick on Evidence (2d ed.) 167, § 81, the Court reconsidered, relented and allowed Mr. Owens to testify. The Court was led into this error by the abortive effort of the advisory committee on the Rules of Evidence to combine as privileges (1) the common-rule disqualifying one spouse from testifying unconsentedly and adversely to the other with (2) another common-law rule establishing a privilege as to the testimony of one spouse concerning confidential communications of the other.

Our concern here is with such common-law rule which bars unquestionably in federal courts the testimony of one spouse against the other unless both of them consent thereto, *Hawkins v. United States* (1958), 358 U.S. 74, 78, 79 S.Ct. 136, 3 L.Ed.2d 125, 128 (headnote 4), or reason and experience have dictated a change in the rule and permit a wife in some isolated situations to testify against her husband, *cf. Wyatt v. United States* (1960), 362 U.S. 525, 527, 80 S.Ct. 901, 4 L.Ed.2d 931, 933 (headnote 2) (where the prosecution involved an offense charged against a husband which involved his wife).

The *Van Drunen* court, *supra*, acted on the assumption that the committee's merger of these common-law rules would be adopted as theretofore proposed and presented as Rules 505(a), (c)(2), Federal Rules of Evidence.[1] The Congress abandoned those proposed rules and replaced them with Rule 501, Federal Rules of Evi-

---

1. " * * * A person has a privilege to prevent any testimony of his spouse from being admitted in evidence in a criminal proceeding against him." Proposed Rule 505(a), Federal

dence.[2] 1974 Cong. & Ad.News, pp. 7082–7083.

■ While the abandonment of the proposed rule and its replacement with Rule 501, *supra*, " * * * 'should not be understood as disapproving any recognition of a * * * husband-wife * * * ' " privilege, *United States v. Allery*, C.A.8th (1975), 526 F.2d 1362, 1365[3], any interpretation by United States courts of the husband-wife privilege of the common-law rule obviously must be predicated upon the light of reason and experience. The same predicate is required for any change in the common-law rule barring the unconsented testimony of one spouse against another. *Hawkins v. United States, supra.*

Despite the assertion by one Court of Appeals that " * * * the prevention of collusive marriages justifies * * * " an exception to the common-law disqualification rule and permits one spouse to testify adversely to the other without their mutual consent as to matters occurring prior to their marriage, this Court is unable to accept the decision of that Court, on balance, as having carved-out effectively a further exception on the basis of reason and experience. The reason *for* the rule is too pervasive for the creation of exceptions in such an "off-handed manner." The late Mr. Justice Black stated plainly:

* * * * * *

* * * The basic reason the law has refused to pit wife against husband or husband against wife in a trial where life or liberty is at stake was a belief that such a policy was necessary to foster family peace, not only for the benefit of husband, wife and children, but for the benefit of the public as well. Such a

belief has never been unreasonable and is not now. * * * Adverse testimony given in a criminal trial would * * * be likely to destroy almost any marriage.

* * * Congress or *this Court* [emphases provided] * * * can change or modify the rule where circumstances or further experience dictates. In fact, specific changes have been made from time to time. * * *

* * * The limited nature of these exceptions shows that there is still a widespread belief, grounded on present conditions, that the law should not force or encourage testimony which might alienate husband and wife, or further inflame existing domestic differences. Under these circumstances we are unable to subscribe to the idea that an exclusionary rule based on the persistent instincts of several centuries should now be abandoned. * * *

*Hawkins v. United States, supra*, 358 U.S. at 77–79, 79 S.Ct. at 138–139, 3 L.Ed.2d at 128–129 (headnotes 3, 4).

■ The Court is convinced that error was committed in the reconsideration of its initial ruling and its allowing the defendant's husband to testify against her. Consideration must now be given the nature of such testimony and whether it affected her substantial rights under count 2 of the indictment. " * * * Any error * * * which does not affect substantial rights shall be disregarded." Rule 52(a), Federal Rules of Criminal Procedure.

■ Mr. Owens' testimony was both inculpatory[3] and exculpatory of his wife, and to the extent that it may have been inculpating, it was also merely cumulative. Mr. Owens was asked and answered only

---

Rules of Evidence. " * * * There is no privilege under this rule * * * as to matters occurring prior to the marriage. * * * " Proposed Rule 505(c)(2), Federal Rules of Evidence.

**2.** "Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness * * * shall be governed by the principles of the common law as they may be interpreted by the courts of the

United States in the light of reason and experience. * * * " Rule 501, Federal Rules of Evidence.

**3.** It was only the testimony of Mr. Owens *against* his wife which was prohibited under these circumstances in the light of the common-law rule. See *Steadman v. United States*, D.C.Tenn. (1970), 328 F.Supp. 576, 577[2]; *cf. also United States v. George*, C.A.6th (1971), 444 F.2d 310, 313–314[1].

six questions in the presence of the jury. He testified that, prior to his marriage to the defendant, he had occasion to speak with Mr. Davis with reference to an amount of money Mr. Davis claimed his wife owed him; that, pursuant to that conversation, he made payment to Mr. Davis in the amount of "sixty-some dollars and some-cents," the exact amount of which he did not remember; that it could have been $62; that, when he paid Mr. Davis this amount, Mr. Davis said his wife had owed him a bill "where he worked on a car or something;" and that he didn't question Mr. Davis as to the reason his wife owed him this money.

Mr. Davis, in turn, had testified earlier that in February, 1975 he had cashed a check for $62 for Mrs. Owens, and that about 18 months afterward Mr. Owens had repaid that amount and "picked-up" the check. There was other evidence from which the jury could have found directly or by reasonable inference that Mrs. Owens had in her possession on or about February 25, 1975 such check which had been stolen from the mail within the jurisdiction of this Court.

It appeared that the only crucial question (to Mrs. Owens) remaining after reception of that evidence was whether Mrs. Owens knew at the time of her possession of the check that it had been stolen. That knowledge, or its lack, was to be determined to the satisfaction of the jury from the facts and circumstances in evidence. The jury was instructed to make this determination, concomitant with a general determination of criminal intent, on the basis of any statements made and acts done, or not done, by Mrs. Owens, which aided in the determinations.

Thus, anything the defendant did, through her husband, in connection with such check assumed vital proportions as to count 2. Mr. Owens' testimony that he had paid some similar amount to Mr. Davis was merely cumulative of the latter's testimony to the same effect; but, the fact that the error in admission of the testimony of the disqualified witness resulted in the repeti-

tion of evidence that was already before the jury through other properly-admitted evidence, *Gordon v. United States*, C.C.A.6th (1947), 164 F.2d 855, 858[2], certiorari denied (1948), 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141, is not decisive in this instance.

" * * * The inquiry cannot be merely whether there was enough [evidence] to support the result, apart from the phase affected by the error. It is rather, even so, whether the error had substantial influence [upon the jury]. If so, or if one is left in grave doubt, the conviction cannot stand. * * * " *Kotteakos v. United States* (1946), 328 U.S. 750, 765, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557, 1567 (headnote 5).

Under all the facts and circumstances presented, the Court does entertain grave doubts as to whether the testimony erroneously admitted hurt the defendant's chances of acquittal under count 2. For such reason the conviction of the defendant Mrs. Patricia Louise Needham Owens under count 2 of the indictment of October 13, 1976 hereby is VACATED, and she hereby is GRANTED a new trial only upon that count. If the United States attorney of this district has not then moved under Rule 48(a), Federal Rules of Criminal Procedure, regarding such count, the clerk will assign this action for a retrial as to such count 2 at the earliest available time.