**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter P. MAUCHLIN and Larry K. Lucas, Defendants-Appellants.**

**Nos. 81–1705, 81–1706.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1981.

Decided Feb. 11, 1982.

Rehearing and Rehearing En Banc Denied April 29, 1982.

---

Robert C. Babione, Asst. Federal Public Defender, East St. Louis, Ill., for defendants-appellants.

Robert L. Simpkins, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before PELL and CUDAHY, Circuit Judges, and DUMBAULD,* Senior District Judge.

DUMBAULD, Senior District Judge.

Appellants were indicted and convicted for violation of 18 U.S.C. § 1792 which prohibits conveying into any Federal penal or correctional institution, "or from place to place therein, any firearm, weapon ... or thing designed to kill, injure, or disable any officer, agent, employee, or inmate thereof." Defendants raise questions as to sufficiency of the evidence and other evidentiary rulings at the trial.

Appellant Mauchlin and another inmate later identified as appellant Lucas were observed by a tower guard who saw them walking around, more heavily dressed than the temperature would require. They fumbled with their clothing, pointed some kind of objects toward him, whereupon he saw a flash and heard sounds. He saw them throw down the objects and run to an area where two other inmates had succeeded in climbing a fence. Both appellants were observed by other witnesses near the fence soon after the shooting and two homemade weapons were found near the tower. A firearms instructor testified that these weapons were capable of firing projectiles and of injuring or disabling a victim.

Lucas called no witnesses and did not testify. Mauchlin admitted carrying and firing the gun. He had carried weapons in jail because he believed his life to be in danger. He had fired the gun to distract attention and then tried to escape over the fence. He admitted there was no one actually near him and threatening him at the time of the incident.

The defense of both appellants was that the conveyance of weapons was a part of or incident to an escape, which they sought to justify under the doctrine of duress or necessity.

The leading case on the duress or necessity defense in connection with prison breach is *U. S. v. Bailey*, 444 U.S. 394, 415–16, 100 S.Ct. 624, 636–637, 62 L.Ed.2d 575 (1980), where the elements of the defense were outlined and it was held that unless there is sufficient evidence to go to the jury with respect to *"each element of the defense"* the trial court is not required to charge on that defense.

■ One important element is the immediacy of a threat of severe bodily injury or death, which can be avoided only by commission of the crime charged. *Ibid.* 410, 100 S.Ct. at 634; *U. S. v. Patrick*, 542 F.2d 381, 386–87 (7th Cir. 1976). Mauchlin testified that when he fired the weapon near the tower he was not in any immediate danger of serious injury or death. The same is true of Lucas though he did not take the stand or offer any testimony.

Hence, under *Bailey* the court was not required to charge on the defense. And hence, likewise under *Bailey*, it was not error to exclude testimony about general conditions at the prison. As there said, "Were we to hold ... that the jury should be subjected to this potpourri even though a critical element of the proffered defenses was concededly absent, we undoubtedly would convert every trial under § 751(a) into a hearing on the current state of the federal penal system." 444 U.S. at 417, 100 S.Ct. at 637.

■ Moreover, appellants are not charged with escape under § 751(a), but with conveyance of weapons under § 1792. The insubstantiality of the duress or necessity defense with respect to the situation of appellants is patent. Even if it be assumed *arguendo* that they were justified by immediate danger in attempting to *escape*, there

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

plainly was no such danger requiring them to *convey weapons* from their cells to the tower. They could have made their escape attempt equally well without weapons, and the assumed danger from prison conditions would have mandated only the escape and not the manner or mode of effecting it by transporting weapons.

 Mauchlin also objects to admission in evidence of an exhibit where a handwriting expert testified that the exhibit was written by the same person whose handwriting appeared in papers from Mauchlin's prison file containing documents purporting to emanate from the inmate. The file documents were authenticated by a prison official who for 16 months had daily contact with Mauchlin and had seen him write on approximately six occasions. This constitutes sufficient identification to assure admissibility under Federal Rules of Evidence 901(b)(2).

Finally, appellant Lucas argues that his in-court identification by the tower guard Phillip Turner at whom the weapons were discharged should have been excluded. The witness had watched the two prisoners from his post for over three hours. He knew Mauchlin by name but on the date of the shooting did not know the name of the other inmate whom he was watching. The witness viewed the prisoners with care because of their heavy clothing, not called for by weather conditions. During his scrutiny the appellants walked around and were at varying distances away from the tower, between 100 yards and 25 feet. In court Turner identified Lucas as the one whose name he did not know on the date of the shooting. But the fact that a witness does not know a person's name does not detract from his ability to observe and recollect the person's appearance and demeanor so that a subsequent valid identification can be made. There is no merit to this contention of appellant Lucas.

Nor is Lucas exculpated by the fact that one of the two guns found after the shooting appeared not to have been fired, and that no evidence was produced showing which prisoner carried which gun. The crime charged is conveying, not firing the weapon. The testimony shows that each appellant had a weapon when they were close to the tower; that each dropped his gun and ran; the two guns were recovered from the locations where they had been dropped; and that both guns were of a type designed to kill, disable, or injure. Lucas, as well as Mauchlin, was properly convicted.

Affirmed.

CUDAHY, Circuit Judge, concurring.

Although I concur, I think the case as to admissibility of evidence of duress is close. In both *U. S. v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), and *U. S. v. Patrick*, 542 F.2d 381 (7th Cir. 1976), unlike in the instant case, the defendants were permitted to introduce such evidence; in those cases, the trial court merely declined to allow a duress defense to be submitted to the jury.