UNITED STATES of America,
Plaintiff–Appellee,

v.

Theodore BINZEL, et al.,
Defendant–Appellant.

No. 89–1880.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1990.

Decided July 24, 1990.

Carol A. Davilo, Nancy K. Needles, Asst. U.S. Attys., Office of the U.S. Atty., Civ. Div., Appellate Section, Craig A. Oswald, I.N.S., Chicago, Ill., for plaintiff-appellee.

David M. Mattenson, John A. Clark, Joe R. Milburn, Allen Kanter, Kanter & Mattenson, Chicago, Ill., for defendant-appellant.

Before FLAUM and EASTERBROOK, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

This is a civil action brought by the United States on behalf of the Small Business Administration (SBA) against the defendant, Theodore Binzel, to collect on Binzel's personal guaranty of a promissory note. The district court granted the SBA's motion for summary judgment and entered a final judgment against Binzel in the amount of $544,133.85. This appeal followed.

## FACTS

On September 19, 1980, Theodore Binzel, Larry Guerzon and Ronald Bauer executed a $240,000 promissory note to the Colonial Bank & Trust Company on behalf of their respective businesses, Binzel Industries, Inc., Transcontinental Steel Corp. and Kinetic Industries, Inc. The note was guarantied by the SBA and was secured by the personal guaranties of Binzel, Guerzon and Bauer. When the debtors defaulted, the Bank collected the balance due on the loan from the SBA under its guaranty, and assigned the note and its right of action against the individual guarantors to the SBA.

The SBA filed suit against two of the guarantors, Binzel and Guerzon.[1] Guerzon was defaulted for failing to appear or to answer the complaint. The SBA subsequently moved for summary judgment against Binzel under Fed.R.Civ.P. 56. The motion was supported by the affidavits of Robert Jacobini, a loan specialist for the SBA, and Arnold Becker, the loan officer at Colonial Bank & Trust Company who handled the original loan.

When the debtors defaulted on the loan, the SBA paid off the balance due under the note, and in return took an assignment of the note and the personal guaranties which secured the note. Robert Jacobini, as a representative of the SBA, was assigned responsibility for all matters pertaining to that loan, and is the current custodian of the records pertaining thereto. In his affidavit, Jacobini stated that a $240,000 loan was made by Colonial Bank to Binzel Industries, Transcontinental Steel and Kinetic Industries on September 19, 1980, and that the loan was secured by the SBA and by the "unconditional guarant[ies]" of Theodore Binzel and Ronald Bauer. A copy of the Bauer guaranty was attached to the affidavit. The remainder of Jacobini's affidavit addressed facts which are generally uncontested, regarding the default by the debtors, assignment of the note and guaranties to the SBA, demand for payment under Binzel's personal guaranty, and the amount of the unpaid principal and interest which was due and owing.

Arnold Becker, the loan officer at Colonial Bank, stated in his affidavit that he personally handled the closing of the loan to Binzel Industries, Transcontinental Steel and Kinetic Industries on September 19, 1980, and obtained Bauer's personal guaranty as security therefor. Becker further attested that the guaranty which was attached to the Jacobini affidavit was, in fact, the guaranty which he witnessed Bauer execute at the time of closing.

In responding to the complaint, Binzel contended that the guaranty which he signed was a conditional guaranty which would have made him liable for the note only if the Bank also obtained written guaranties from Guerzon and Bauer. Although he did not dispute the existence of the Guerzon guaranty, he contended that

---

[*] The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. Mr. Bauer apparently was not made a party to this action because the SBA has been unable to locate him.

Colonial Bank had failed to obtain a written guaranty from Bauer, and that he was therefore absolved from any liability. When the Bank subsequently produced the Bauer guaranty, Binzel modified his defense rather dramatically, contending for the first time in his response to the summary judgment motion that the Bauer guaranty was a forgery. In support of his contentions, Binzel submitted his own affidavit and selected portions of a deposition of Arnold Becker.

In his affidavit, Binzel asserted the formation of an oral condition precedent to his guaranty which occurred during a phone conversation with the president of Colonial Bank. He also stated that he was "familiar" with Bauer's signature, and that he believed the guaranty which was produced by the SBA as Bauer's was a forgery.

Binzel attempted to discredit the Becker affidavit, using a later deposition in which Becker testified that, after eight years, he could not readily recognize the signature of Bauer on the guaranty produced by the SBA. Becker, however, reiterated during that deposition that he had been introduced to Bauer in Binzel's presence; that it was the man introduced to him as Bauer who executed the Form 148 guaranty in 1980; and, that it was that guaranty which he sent to the SBA and which was attached to the Jacobini affidavit.

The district court held that the government had sufficiently established the authenticity of Bauer's guaranty, rejecting Binzel's contentions that his affidavit and Becker's deposition testimony raised a genuine issue of material fact regarding the authenticity of Bauer's signature. The court concluded that: (1) Binzel's affidavit was mere conjecture and therefore insufficient to defeat a motion for summary judgment; (2) Becker's deposition testimony could not reasonably be construed to support Binzel's allegation that the Bauer signature was forged; and (3) Becker's deposition was not materially inconsistent with his earlier affidavit. Having found that there were no genuine issues of material fact, and that the government was entitled to judgment as a matter of law, the district

court granted the motion for summary judgment. We concur.

## ANALYSIS

Binzel contends on appeal that there were material factual disputes which should have precluded summary judgment, including: (1) whether the parties intended the execution of written guaranties by Guerzon and Bauer to be a condition precedent to the existence of a binding guaranty agreement between the Bank and Binzel, and (2) whether Bauer's signature on the personal guaranty was authentic. With respect to the latter, he contends that the government was required to prove that the signature on Bauer's guaranty was in fact Bauer's, that it failed to meet its burden of proof or to lay a proper foundation for the admission of Bauer's guaranty, and that the district court was therefore precluded from considering the document in determining whether summary judgment was appropriate.

While the existence of a condition precedent may be a disputed fact, it is not necessarily outcome-determinative in the present case. If it were, we would be inclined to agree with the government's position that the SBA guaranty at issue was, both in fact and as a matter of law, an absolute and unconditional guaranty. *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979) ("federal law governs questions involving the rights of the United States arising under nationwide federal programs"); *United States v. Lair*, 854 F.2d 233, 237 (7th Cir.1988) (federal law governs cases involving Small Business Administration loans; SBA Form 148 executed by guarantors was unconditional); *United States v. Meadors*, 753 F.2d 590, 594 (7th Cir.1985) ("SBA guarantors are unconditional or absolute guarantors ...").

■ Even if we were to assume for the sake of argument that a condition precedent existed, as Binzel contends, the only condition which was allegedly unfulfilled was the attainment of a valid personal guaranty from Bauer, a condition which the record clearly demonstrates was satis-

fied. The government adequately established the authenticity of the Bauer guaranty when it presented evidence which showed that a man whom Becker knew to be Bauer executed the SBA Form 148 guaranty in 1980; that Becker sent a copy of that guaranty to the SBA; that the SBA had continuous custody of the guaranty; and, that the guaranty which was identified in Becker's affidavit as Bauer's was the same guaranty produced by the SBA during the course of discovery and attached to the Jacobini affidavit. *See generally,* Fed. R.Evid. 104(a) and (b); Fed.R.Evid. 901(a) and (b)(7). The only challenge to that authentication is Binzel's allegation of forgery.

■ The government does not dispute the fact that under Fed.R.Evid. 901(b)(2) a district court may, in the exercise of its discretion, allow a nonexpert to state an opinion as to the authenticity of handwriting with which he is familiar, provided that the familiarity is not acquired for the purpose of litigation.[2] While the extent of the witness' familiarity generally goes to the weight to be accorded his testimony, rather than to the admissibility, *Rinker v. United States,* 151 F. 755 (8th Cir.1907), there must be a minimal factual basis from which knowledge of, and a familiarity with, another's handwriting might reasonably have been acquired, *see United States v. Mauchlin,* 670 F.2d 746 (7th Cir.1982); *United States v. Gallagher,* 576 F.2d 1028, 1048 (3d Cir.1978), *cert. dism'd,* 444 U.S. 1040, 100 S.Ct. 713, 62 L.Ed.2d 675, *cert. denied,* 444 U.S. 1043, 100 S.Ct. 729, 62 L.Ed.2d 728 (1980); *United States v. Standing Soldier,*

538 F.2d 196 (8th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976); *Ryan v. United States,* 384 F.2d 379 (1st Cir.1967), in the absence of which the opinion evidence may be properly excluded. Graham, Handbook of Federal Evidence, § 901.2 at 999 (2d ed. 1986); 5 Weinstein's Evidence ¶ 901(b)(2)[01] at 901–28 (1989). While no minimum number of observations is generally required to render a witness competent to testify, the witness must be able to demonstrate that the writings which he observed were observed "under circumstances indicating their genuineness." *Standing Soldier,* 538 F.2d at 202 (quoting E. Cleary, McCormick's Handbook of the Law of Evidence § 221, at 547 (2d ed. 1972)). *See also* Weinstein's Evidence ¶ 901(b)(2)[01] at 901–32 (1989).

■ In his affidavit, Binzel attests that he acquired his "familiarity" with Bauer's signature prior to and during the month of September 1980, during which time he observed Bauer execute documents and saw documents which were purportedly executed by him. Binzel does not identify the nature of the "documents" to which he refers, or attempt to establish the authenticity or genuineness of those documents. Neither does he identify a relationship or course of business with Bauer that would reasonably familiarize him with Bauer's signature. His opinion as to the authenticity of Bauer's signature is based on nothing more than conclusory, self-serving allegations, and as such does not raise a genuine issue of fact which would have precluded summary judgment.[3] *Palucki v. Sears,*

2. Fed.R.Evid. 901 provides in pertinent part:

(a) **General provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations....** The following are examples of authentication or identification conforming with the requirement of this rule:

* * * * * *

(2) **Nonexpert opinion on handwriting.** Nonexpert opinion as to the genuineness of

handwriting, based upon familiarity not acquired for purposes of litigation.

3. Given the timing and circumstances surrounding Mr. Binzel's forgery allegations, we feel compelled to remind the defendant and his counsel of their obligations under Fed.R.Civ.P. 11, and to note that attempts to manufacture issues of fact in response to a motion for summary judgment may be a basis for Rule 11 sanctions. *See Richardson v. Bonds,* 860 F.2d 1427, 1433 (7th Cir.1988); *Babrocky v. Jewel Food Co. and Retail Meatcutters Union, Local 320,* 773 F.2d 857, 861 (7th Cir.1985).

Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir.1989); First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1011 (7th Cir.1985). See also 5 Weinstein's Evidence ¶ 901(b)(2)[01] at 901–30 (1989) ("... where the observation was made so long ago or under such circumstances that it is incredible that [the witness] could identify the signature with any reliability, the court may exclude").

## CONCLUSION

For the foregoing reasons, we now AFFIRM the judgment of the district court.