**DLD-180**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1537
_____

UNITED STATES OF AMERICA

v.

PETER P. MAUCHLIN,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4:95-cr-00235-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted by the Clerk for Possible Dismissal Due to Untimely Filing or for Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2025

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed July 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Peter P. Mauchlin appeals pro se from the District Court's order denying his motion for reconsideration regarding his prior motion for compassionate release. He has also filed a motion seeking the appointment of counsel in his appeal. We will summarily affirm the District Court's order and deny the motion for appointment of counsel.

In the early 1970s, Mauchlin was convicted of participating in a string of bank robberies and sentenced to a total term of 45 years. United States v. Mauchlin, 464 F.2d 1280, 1281 (3d Cir. 1972). Since that time, Mauchlin has been convicted of being involved in an attempted prison escape and multiple assaults, which have added an additional 29 years to his aggregate sentence. See, e.g., United States v. Mauchlin, 670 F.2d 746, 748 (7th Cir. 1982); United States v. Mauchlin, 114 F.3d 1173 (3d Cir. 1997) (table). His current release date is December 1, 2031.

In 2022, Mauchlin filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in which he argued that his advanced age, comorbid medical conditions, extended incarceration in solitary confinement, and susceptibility to COVID-19 warranted his early release. The District Court denied Mauchlin's motion because Mauchlin had failed to show extraordinary and compelling circumstances which might warrant relief, as Mauchlin had been fully vaccinated against the virus. Mauchlin did not appeal.

Two years later, in 2024, Mauchlin filed a motion asking the District Court to reconsider its prior denial of his motion for compassionate release, because his health had further declined since the time of the Court's original order. The District Court denied the motion, holding that Mauchlin had not presented any "new evidence that would

undermine the Court's prior decision." Order Denying Motion for Reconsideration, ECF No. 111 at 2. Mauchlin appealed, and requests the appointment of counsel.

The District Court did not abuse its discretion in denying Mauchlin's motion for reconsideration. Motions for reconsideration are to be used sparingly, and should only be granted if the movant can show "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Dupree, 617 F.3d at 732-33. As the District Court's order correctly opined, Mauchlin's motion did not present any grounds that would cause the Court to question the correctness of its prior order denying relief, as it presented no intervening change in law, and presented factual developments which occurred over two years after the time of the District Court's original denial. See Dupree, 617 F.3d at 733. Further, nothing in Mauchlin's petition explains how his new conditions "substantially diminish the ability of [Mauchlin] to provide self-care within the environment of a correctional facility." ECF No. 111 at 2 (quotation omitted). Our affirmance does not prevent Mr. Mauchlin's filing of a second motion for compassionate release under § 3582.

Accordingly, because Mauchlin's appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. Mauchlin's motion for appointment of counsel is denied.